Mr. Gene Wilhoit, Director General Education Division Department of Education 4 State Capitol Mall Little Rock, AR 72201-1071
Dear Mr. Wilhoit:
This is in response to your request for an opinion on the following question:
 What is the legality of a former agency employee representing the school district when the defense of this suit will be funded by the Self Insurance Fund of the Arkansas Department of Education?
This question is asked in connection with a federal lawsuit in which the Hazen School District ("District") is named as a defendant. The District has notified the department that it wishes to hire a former Arkansas Department of Education ("Department") employee, Elizabeth B. Turner, to defend the suit.
A review of the potentially applicable ethical guidelines in this instance makes it clear that the answer to your question will depend upon the specific facts and circumstances surrounding Ms. Turner's former duties in the Department, including her participation or responsibility, if any, in connection with this claim or controversy. While the factual nature of the question thus precludes a conclusive response in the context of an official opinion, I will set forth what I believe are the relevant restrictions in an effort to help guide the factual review.
Arkansas Code Annotated § 19-11-709 (Repl. 1994) is part of the subchapter of the Code which sets forth ethical standards for present and former state agency employees. Subsection (b) of § 19-11-709 refers to restrictions on former employees in matters connected with their former duties. This subsection is, I believe, the relevant provision in addressing your question. It states as follows:
 (b) RESTRICTIONS ON FORMER EMPLOYEES IN MATTERS CONNECTED WITH THEIR FORMER DUTIES.
 (1) PERMANENT DISQUALIFICATION OF FORMER EMPLOYEE PERSONALLY INVOLVED IN A PARTICULAR MATTER. It shall be a breach of ethical standards for any former employee knowingly to act as a principal or as an agent for anyone other than the state in connection with any:
 (A) Judicial or other proceeding, application, request for a ruling, or other determination;
(B) Contract;
(C) Claim; or
(D) Charge or controversy
 in which the employee participated personally and substantially through decision, approval, disapproval, recommendation, rendering of advice, investigation, or otherwise while an employee, where the state is a party or has a direct and substantial interest.
 (2) ONE-YEAR REPRESENTATION RESTRICTION REGARDING MATTERS FOR WHICH A FORMER EMPLOYEE WAS OFFICIALLY RESPONSIBLE. It shall be a breach of ethical standards for any former employee, within one (1) year after cessation of the former employee's official responsibility in connection with any:
 (A) Judicial or other proceeding, application, request for a ruling, or other determination;
(B) Contract;
(C) Claim; or
(D) Charge or controversy
 knowingly to act as a principal or as an agent for anyone other than the state in matters which were within the former employee's official responsibility, where the state is a party or has a direct or substantial interest.
Several questions arise when considering the language of these prohibitions in the factual context of your question. An initial question focuses on the precise facts surrounding the representative function or capacity of the former employee in the federal lawsuit. The facts as I understand them suggest that she would not be acting as a principal or agent for the State in this matter involving the District. It thus appears as though that element of both the disqualification provision under § 19-11-709(b)(1) and the one-year restriction under §19-11-709(b)(2) will be met; that is, she will be acting as a "principal or as an agent for [someone] other than the state. . . ." This must, of course, be initially established before proceeding further to consider these ethical restrictions. I am proceeding on the assumption, then, that she will be acting as a principal or as an agent for the District and not the State in this matter.
The inquiry then turns to whether she will be representing the District in connection with any of the types of matters listed in subsections (b)(1) or (2) in which she "participated personally and substantially . . . while an employee" (subsection (b)(1), see also Model Rules of Professional Conduct, Rule 1.11(a)), or which were "within [her] official responsibility" at the Department (subsection (b)(2)).[1] You have not provided any facts in this regard. This is in all likelihood the most critical aspect of the requisite factual determination under these ethical standards. If she did not personally participate, through decision, advice, investigation, or otherwise, in this claim or controversy during her employment with the Department, then it seems clear that § 19-11-709(b)(1) (governing permanent disqualification in a particular matter) is inapplicable. If the facts reflect such participation, then she will likely be disqualified from representing the District.[2]
A similar determination must be made under § 19-11-709(b)(2) (imposing a one-year representation restriction). Specifically, if this was a "matter which [was] in the former employee's official responsibility . . ." then it is likely that the restriction will apply. Again, however, this requires a factual determination. The limited facts before me provide no insight in this regard. The definition of "official responsibility," supra at n. 1, should also be referenced when making this determination.
It should be noted, finally, that the penalties imposed for ethics violations under these provisions include a felony conviction. A.C.A. §19-11-702. These penal provisions will, therefore, be strictly construed. See generally Bennett v. State, 252 Ark. 128, 130,477 S.W.2d 497 (1972). Nothing will be taken as intended which is not clearly expressed, and all doubts will be resolved in favor of the defendant. Id.
In conclusion, while it is apparent that this issue cannot be resolved in the limited format of an opinion from this office, the foregoing will hopefully be of assistance in guiding the necessary factual analysis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] "Official responsibility" is defined in A.C.A. § 19-11-701(12) as ". . . direct administrative or operating authority, whether intermediate or final, either exercisable alone or with others, either personally or through subordinates, to approve, disapprove, or otherwise direct state action. . . ."
[2] It is my opinion that the State in all likelihood has a "direct and substantial interest" in the lawsuit (see § 19-11-709(b)(1) and (2)) by virtue of the Self Insurance Fund noted in your question. It is my understanding that the State in essence serves as an insurer, up to a prescribed amount, by virtue of this Fund, which is funded by tax dollars.